EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

14
15
16

A.B., C.D., E.F., G.H., I.J., K.L., and
M.N., on behalf of themselves and all
others similarly situated,

       Plaintiffs,

v.

THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA
and JAMES MASON HEAPS,

       Defendants.

Case No. 2:20-CV-09555-RGK (Ex)

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND
PROVIDING FOR NOTICE**

17
18
19
20
21
22
23
24
25
26
27
28

This matter is before the Court on Plaintiffs' motion for preliminary settlement approval and to direct notice.  Plaintiffs, individually and on behalf of the proposed settlement class, and Defendants have entered into a Settlement Agreement ("Settlement") that, if approved, would resolve this litigation.

Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.    Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them in the Settlement Agreement.

2.    The Court has jurisdiction over this litigation, Plaintiffs, Defendants, and Settlement Class Members. Venue is proper in this Court.

## PRELIMINARY APPROVAL

3.    The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations submitted in support of the motion. Based on its review of these papers, the Court finds that the Settlement Agreement is the product of serious, informed, non-collusive, arm's length negotiations between experienced counsel and conducted with the assistance of mediator Kenneth R. Feinberg.

4.    The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement does not improperly grant preferential treatment to any individual or segment of the Settlement Class; does not exhibit any signs of collusion, explicit or subtle; compares favorably with the potential recovery when balanced against the risks of continued litigation; and falls within the range of possible approval as fair, reasonable, and adequate and thus is likely to be finally approved under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

5.    The Court therefore **GRANTS** preliminary approval of the Settlement.

- 1 -

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE
CASE NO. 2:20-CV-09555-RGK (Ex)

## PRELIMINARY FINDINGS ON SETTLEMENT CLASS CERTIFICATION

6.     The Court finds that it will likely be able to certify the following Settlement Class for purposes of judgment on the proposed Settlement:

> All female patients of Dr. James Heaps who were seen for treatment by Dr. Heaps (1) at UCLA Medical Center (currently known as Ronald Reagan UCLA Medical Center) from January 1, 1986 to June 28, 2018, (2) at UCLA's student health center (currently known as Arthur Ashe Student Health and Wellness Center) from January 1, 1983 to June 30, 2010, or (3) at Dr. Heaps's medical offices at 100 UCLA Medical Plaza from February 1, 2014 to June 28, 2018.

7.     The Court preliminarily concludes, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied for the Settlement Class. In support of this conclusion, the Court provisionally finds as follows:

a.     The number of Settlement Class Members is too numerous for their joinder to be practicable. The Settlement Class consists of approximately 6,600 individuals, whose identities are ascertainable through UCLA's records or through self-identification.

b.     There are questions of law and fact common to the Settlement Class, and these common questions predominate over individualized questions for settlement purposes. The common questions include Heaps's alleged pattern of misconduct toward female patients at UCLA medical facilities, and UCLA's alleged failure to terminate or otherwise discipline him.

c.     Plaintiffs' claims are typical of the claims of the Settlement Class in that each of the claims arises from an alleged common course of conduct on the part of each of the Defendants in exposing Heaps's female patients to sexual misconduct.

d.     Plaintiffs are adequate class representatives, whose interests in this matter are aligned with those of the other Settlement Class Members. The Court hereby

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE
CASE NO. 2:20-CV-09555-RGK (Ex)

appoints as Class Representatives: Plaintiffs A.B., C.D., E.F., G.H., I.J., K.L., and M.N.

e.    Additionally, proposed Class Counsel—the law firms of Girard Sharp LLP, Gibbs Law Group LLP, and Erickson Kramer Osborne LLP—are experienced in prosecuting class actions involving similar claims, have committed the necessary resources to represent the Settlement Class, and are hereby appointed as Class Counsel.

f.    A class action is a superior method for the fair and efficient resolution of this litigation.

g.    If for any reason the Court does not finally approve the Settlement, or if the Effective Date does not occur, the preliminary certification findings shall be deemed null and void without further action of the Court or the parties. In such circumstances each party shall retain all of its respective currently existing rights to seek or to object to the certification of this action as a class action under Fed. R. Civ. P. 23.

## NOTICE AND ADMINISTRATION

8.    The Court approves the Notice substantially in the forms attached as Exhibit C to the Settlement Agreement. The proposed notice plan, which includes direct and publication notice, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature and pendency of the litigation, the scope of the Settlement Class, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, the binding effect of final approval of the proposed Settlement, and the anticipated motion for attorneys' fees, costs, and expenses and for service awards. The plan and the Notice constitute due, adequate and sufficient notice to Settlement Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice before

- 3 -

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE
CASE NO. 2:20-CV-09555-RGK (Ex)

dissemination.

9.     The Court hereby appoints JND Legal Administration to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate a Settlement website and a toll-free number, receive and process claims as directed by the Special Master, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other administrative functions that are reasonably necessary or provided for in the Settlement Agreement.

10.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid by Regents as set forth in the Settlement Agreement. In the event the Settlement is not finally approved by the Court or otherwise fails to become effective, the Settlement Administrator shall not be obligated to repay amounts received from or owed by Regents for Settlement Administration, Notice, or any other reason.

11.     The Court approves, as to form and content, the Notice, Statement of Class Membership, and Claim Form annexed to the Settlement Agreement at Exhibits C, C-1, and C-2 respectively, and finds that the distribution, publication, and mailing of the Notice, substantially in the manner and form set forth in this Order, meet the requirements of due process and Federal Rule of Civil Procedure 23, constitute the best notice practicable under the circumstances, and will provide due and sufficient notice to all persons entitled thereto.

12.     The Court therefore directs the parties and the Settlement Administrator to provide notice pursuant to the terms of the Settlement Agreement and this Order.

## EXCLUSIONS AND OBJECTIONS

13.     Settlement Class Members who wish to opt out and exclude themselves from the Settlement may do so by notifying the Settlement Administrator in writing postmarked no later than _____, 20____.

14.     To be valid, each request for exclusion must:

- 4 -
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE
CASE NO. 2:20-CV-09555-RGK (Ex)

- Include the Class Member's full name, address, and telephone number;
- Include the statement: "I want to be excluded from *A.B. v. Regents*, No. 2:20-CV-09555 (C.D. Cal.), and understand that by excluding myself, I will not be able to get any money or benefits from the settlement" or substantially similar clear and unambiguous language;
- Include the Class Member's signature; and
- Be mailed to the Settlement Administrator at the following address:
  UCLA Heaps Settlement
  c/o JND Legal Administration
  P.O. Box 91387
  Seattle, WA 98111.

15.    Pursuant to Section 3.6 of the Settlement Agreement, if a Class Member's request to opt out is materially deficient as to the requirements listed above (and detailed in the Notice), the Settlement Administrator will send the Class Member a letter advising of the defect(s) and will give the Class Member an opportunity to cure. If a Class Member fails to cure the request for exclusion, the Settlement Administrator will have no further obligation with respect to that Class Member to give notice of a need to cure.

16.    All Class Members who do not opt out and exclude themselves from the Settlement Class shall be bound by the terms of the Settlement upon entry of a final approval order and judgment.

17.    Settlement Class Members who wish to object to the Settlement must do so in a written submission to the Court. Any such objection must:

- Include the Settlement Class Member's name, address, and telephone number;
- Clearly identify the case name and number (*A.B. v. Regents*, No. 2:20-CV-09555 (C.D. Cal.));

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE
CASE NO. 2:20-CV-09555-RGK (Ex)

- State whether the objection applies only to the objector, to a specific subset of the class, or to the entire class and state with specificity the grounds for the objection;
- State whether the Settlement Class Member intends to personally appear and/or testify at the Final Approval Hearing;
- Include the name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member;
- State whether any attorney will appear on the Settlement Class Member's behalf at the Final Approval Hearing, and if so, the identity of that attorney;
- Be submitted to the Court either by mailing to:
  Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012 or by filing in person at any location of the United States District Court for the Central District of California.

18.   Any Settlement Class Member who does not timely submit a written objection in accordance with the procedures listed above (and detailed in the Notice) shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the final approval order and judgment by appeal or other means.

**FINAL APPROVAL HEARING AND SCHEDULE OF PROCEEDINGS**

19.   The Court will hold a Final Approval Hearing on _____, 20__ at _____ [a.m./p.m.], in Courtroom 850, 8th Floor of the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012. The Court may continue the date of the Final Approval Hearing without further notice to Settlement Class Members. Settlement Class Members should check the Settlement website or the Court's online calendar for the date of the Final Approval Hearing.

20.   At the Final Approval Hearing, the Court will consider: whether the

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE
CASE NO. 2:20-CV-09555-RGK (Ex)

Settlement is fair, reasonable, and adequate and should be granted final approval; whether the Settlement Class should be finally certified; whether a final judgment should be entered; and any other matters the Court may deem appropriate.

21.    If the Settlement is finally approved, Class Counsel will apply for an award of attorneys' fees, reimbursement of expenses, and service payments to Class Representatives after final approval and implementation of the claims procedure. Class Counsel's request for attorneys' fees and reimbursement of expenses shall not exceed $8,760,000. All attorneys' fees and expenses will be paid separately by Regents, in addition to and without reduction of the Settlement Fund. Any service awards the Court approves will be paid from the Settlement Fund.

22.    The Notice informs Class Members that Plaintiffs' motion for attorneys' fees, expenses, and service payments will be posted on the Settlement website as soon as it is filed. Settlement Class Members will have the opportunity to object to the motion. The Court will then consider the motion.

23.    Any appeal from an order relating solely to Class Counsel's motion for attorneys' fees, expenses, and service payments, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

24.    The parties and Settlement Class Members shall adhere to the following schedule unless otherwise ordered by the Court:

| **Event** | **Date** |
| --- | --- |
| Claims Administrator sends Notice ("Notice Date") | Within 28 days after entry of this Order |
| Objection and Opt-out Deadline | 90 days after Notice Date |
| Motion for Final Settlement Approval Due | 110 days after Notice Date |
| Deadline to Submit Claim Forms and Statement of Class Membership Forms | 120 days after Notice Date |

- 7 -
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE
CASE NO. 2:20-CV-09555-RGK (Ex)

| Final Approval Hearing | _____ [No earlier than 125 days after Notice Date] |
|---|---|
| Special Master files Report on Claims Process | Within 28 days after completion of Claims Process |
| Motion for Award of Attorneys' Fees, Costs, and Service Awards to Class Representatives ("Fee Motion") Due | Within 14 days after Special Master files Report on Claims Process |
| Deadline to Object to Fee Motion | 30 days after Fee Motion is filed and made available to Class Members on the Settlement website |
| Reply in Support of Fee Motion Due | No later than 14 days before the Hearing on the Fee Motion |
| Hearing on Fee Motion | TBD |

## **RESERVATION OF JURISDICTION**

25.   The Court retains exclusive jurisdiction over the litigation to consider all further matters arising out of or connected with the Settlement.

26.   In the event that the Settlement is terminated pursuant to the terms of the Settlement Agreement, this Order shall become void, shall have no further force or effect, and shall not be used in this action or in any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination.

27.   Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby STAYED, and all hearings, deadlines, and other proceedings in the litigation, except the Final Approval Hearing and the matters set forth in this Order, are VACATED.

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE
CASE NO. 2:20-CV-09555-RGK (Ex)

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. R. Gary Klausner
United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE
CASE NO. 2:20-CV-09555-RGK (Ex)