EXHIBIT E

1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.B., C.D., E.F., G.H., I.J., K.L., and M.N., on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and JAMES MASON HEAPS,<br><br>       Defendants. | Case No. 2:20-CV-09555-RGK (Ex)<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |

This matter is before the Court on Plaintiffs' motion for final settlement approval. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants have entered into a Settlement Agreement ("Settlement") that, if approved, would resolve this litigation.

The Court, after carefully considering the motion and the Settlement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, and good cause appearing, has determined: (a) the Settlement is fair, reasonable, and adequate and should be finally approved; (b) the Settlement Class will be certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (c) the Notice to the Class was directed in a reasonable and sufficient manner; (d) jurisdiction is reserved and continued with respect to Plaintiffs' motion for attorneys' fees, reimbursement of litigation expenses, and service awards; (e) jurisdiction is reserved and continued with respect to implementation and enforcement of the terms of the Settlement; (f) Plaintiffs are appointed Class Representatives; and (g) the law firms of Girard Sharp LLP, Gibbs Law Group LLP, and Erickson Kramer Osborne LLP are appointed as Class Counsel.

IT IS HEREBY ORDERED as follows:

1. The Court has jurisdiction over this litigation, Plaintiffs, Defendants, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement. Venue is proper in this Court.

2. All capitalized terms shall have the same meaning ascribed to them in the Settlement Agreement.

3. Pursuant to Rule 23(e), the Court hereby finds the Settlement is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

a. Rule 23(e)(2)(A) is satisfied because the Plaintiffs and Class Counsel have vigorously represented the Class.

b. Rule 23(e)(2)(B) is satisfied because the Settlement was negotiated at arm's length by informed counsel acting in the best interests of their respective clients,

- 1 -
**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**
**CASE NO. 2:20-CV-09555-RGK (Ex)**

under the close supervision of an experienced mediator.

        c.    Rule 23(e)(2)(C) is satisfied because the $73 million in relief provided for the Class is adequate considering the costs, risks, and delay of trial and appeal. The three-tiered settlement claims process allowing for claimant choice is an efficient, accessible, safe, and private way to optimize payments to Class Members. The Equitable Relief Measures ensure meaningful institutional change will be implemented at UCLA to avoid sexual misconduct in the patient care context. Defendants will pay Class Counsel's attorneys' fees and litigation costs separately, without any reduction of Class Member recoveries. There are no undisclosed side agreements.

        d.    Rule 23(e)(2)(D) is satisfied as the Settlement treats Class Members equitably by presenting them with the same choices within the three-tiered structure. The three-person Panel, including the Special Master, OB/GYN, and forensic psychiatrist, will evaluate claims and allocate awards to Tier 2 and Tier 3 Claimants.

    4.    The Court certifies, for settlement purposes only, the following Class:

> All female patients of Dr. James Heaps who were seen for treatment by Dr. Heaps (1) at UCLA Medical Center (currently known as Ronald Reagan UCLA Medical Center) from January 1, 1986 to June 28, 2018, (2) at UCLA's student health center (currently known as Arthur Ashe Student Health and Wellness Center) from January 1, 1983 to June 30, 2010, or (3) at Dr. Heaps's medical offices at 100 UCLA Medical Plaza from February 1, 2014 to June 28, 2018.

    5.    The Court concludes, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied for the Settlement Class. In support of this conclusion, the Court finds as follows:

        a.    The number of Settlement Class Members is too numerous for their joinder to be practicable. The Settlement Class consists of approximately 6,600 individuals, whose identifies are ascertainable through UCLA's records or through self-identification.

b.      There are questions of law and fact common to the Settlement Class, and these common questions predominate over individualized questions for settlement purposes. The common questions include Heaps's alleged pattern of misconduct toward female patients at UCLA medical facilities, and UCLA's failure to terminate or otherwise discipline him.

c.      Plaintiffs' claims are typical of the claims of the Settlement Class in that each of the claims arises from a common course of conduct on the part of each of the Defendants in exposing Heaps's female patients to alleged sexual misconduct.

d.      Plaintiffs are adequate class representatives, whose interests in this matter are aligned with those of the other Settlement Class Members. Additionally, proposed Class Counsel—the law firms of Girard Sharp LLP, Gibbs Law Group LLP, and Erickson Kramer Osborne LLP—are experienced in prosecuting class actions involving similar claims and have committed the necessary resources to represent the Settlement Class.

e.      A class action is a superior method for the fair and efficient resolution of this litigation.

6.      In making all the foregoing findings, the Court has exercised its discretion in certifying a Settlement Class.

7.      The Court finds that due notice was given in accordance with the Preliminary Approval Order (Dkt. _____), and that the form and content of that Notice, and the procedures for disseminating notice, satisfy the requirements of Rule 23(e) and due process and constitute the best notice practicable under the circumstances. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

8.      Adequate notice of the proceedings was given to Settlement Class Members, with a full opportunity to participate in the fairness hearing. Therefore, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order and Judgment.

9.     The Court **GRANTS** final approval of the Settlement and **DIRECTS** the parties, Special Master, Panel, and Settlement Administrator to implement the Settlement according to its terms and conditions.

10.     This litigation is dismissed with prejudice, and the Released Claims and Releasing Defendants' Claims are released as set forth in the Settlement.

11.     This Final Approval Order shall have no force or effect on the persons who have validly excluded themselves from the Class. The persons identified in Exhibit 1 hereto (filed separately under seal) requested exclusion from the Settlement Class as of the Objection and Opt-Out Deadline. These persons shall not share in the benefits of the Settlement, and this Final Approval Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendants. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Defendants in any court, administrative agency, arbitral forum, or other tribunal.

12.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendant or any other Released Party, or (c) any fault or omission of Defendant or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

13.     Neither Plaintiffs' application for attorneys' fees, reimbursement of litigation expenses, and service awards, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be treated as separate from this Judgment. Without affecting the finality of this Judgment, the Court reserves and continues jurisdiction with respect to Plaintiffs' motion for attorneys' fees, reimbursement of litigation expenses, and service awards. Class Counsel's request for attorneys' fees and reimbursement of expenses shall not exceed $8,760,000. All attorneys' fees and expense will be paid separately by Regents, in addition to and

without reduction of the Settlement Fund. Any service awards the Court approves will be paid from the Settlement Fund.

14.     Plaintiffs' motion for attorneys' fees, reimbursement of litigation expenses, and service awards will be posted on the Settlement website as soon as it is filed. Settlement Class Members will have the opportunity to object to the motion.

15.     Without affecting the finality of this Judgment, the Court reserves and continues jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, Claims Process, distribution of Claim Awards, and all other matters related to the administration, consummation, and interpretation of the Settlement and/or this Final Approval Order and Judgment, including any orders necessary to effectuate the final approval of the Settlement and its implementation

16.     No person will have any claim against Plaintiffs, Class Counsel, any person designated by Class Counsel, the Special Master, the Panel, or the Settlement Administrator arising from or relating to actions, determinations or distributions made substantially in accordance with the Settlement or Orders of the Court.

17.     If any Party fails to fulfill its obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, and barring and enjoining the prosecution of the Released Claims against the Released Parties and to reinstate the Released Claims.

18.     If the Settlement does not become effective, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement.

19.     The Court appoints as Class Representatives: Plaintiffs A.B., C.D., E.F., G.H., I.J., K.L., and M.N.

20.     The Court appoints the law firms of Girard Sharp LLP, Gibbs Law Group LLP, and Erickson Kramer Osborne LLP as Class Counsel.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
CASE NO. 2:20-CV-09555-RGK (Ex)

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: _____          _____
                                Hon. R. Gary Klausner
                                United States District Judge