UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Preliminary Approval of Class Action Settlement [DE 13]

## I. INTRODUCTION

On October 19, 2020, Plaintiffs, who were previous patients of James Mason Heaps, filed a putative class action against The Regents of the University of California and Heaps (collectively, "Defendants"), alleging violations of Title IX, negligence/gross negligence, violations of the Unruh Act, sexual assault, sexual battery, intentional infliction of emotional distress, and ratification.

Now before the Court is Plaintiffs' unopposed Motion for Preliminary Settlement Approval. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II. FACTUAL BACKGROUND

The Complaint alleges the following:

James Mason Heaps was an obstetrician-gynecologist (OB-GYN) at various UCLA medical facilities between 1983 and 2018. Plaintiffs were seven women who sought medical treatment from Heaps. During these visits, Heaps made inappropriate comments and violated Plaintiffs by performing sexually invasive "examinations."

Although Heaps had a reputation for disturbing behavior since the 1980s, UCLA allowed him to continue seeing patients. And despite receiving numerous complaints against Heaps, UCLA did not publicly acknowledge the abuse allegations until June 2019, when he was arrested and charged with two counts of sexual battery by fraud and one count of sexual exploitation.

Over 50 women have since filed lawsuits against Heaps, and at least another 50 have come forward with more allegations of sexual misconduct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

In late May 2020, following extensive mediation and discovery proceedings Plaintiffs and Defendants reached a settlement agreement in principle. In the following months, the parties prepared settlement documents and submitted their Settle Agreement to the Court. The key terms are as follows:

**A.   Settlement Fund**

UCLA will create a $73 million, non-reversionary settlement fund to pay class members. Class members will be delineated into three separate tiers: Tiers 1, 2, and 3. All class members who can be identified from UCLA's patient records will be designated Tier 1 members. Any class member who could not be identified through patient records can submit a Statement of Class Membership and be awarded Tier 1 status. All Tier 1 members will automatically receive $2,500.

All class members are eligible to obtain Tier 2 awards by submitting a claim to an expert panel comprised of a Special Master experienced in handling sexual abuse claims, Judge Irma Gonzalez (Ret.)[1]; a forensic psychologist or psychiatrist; and an OB/GYN. Members must submit written answers about their experience with Heaps to the panel. The panel will then review each claim and award an additional $10,000 (total of $12,500) to the claimant so long as the claims are found to be credible, and Heaps's conduct fell outside the scope of accepted medical standards of care.

Class members may also apply for Tier 3 awards by answering additional written questions, submitting supporting documents of their claims, and confidentially interviewing with the Special Master or her team. Similar to Tier 2 claims, as long as the panel deems the claims credible, and Heaps's conduct fell outside the scope of accepted medical care, the claimant will receive a Tier 3 award. Tier 3 awards will range from an additional $10,000 ($12,500 in total) to an additional $247,500 ($250,000 in total). The panel will determine the amount to award based on its assessment of the emotional distress and bodily injury suffered by the claimant.

The fund will also set aside up to $5 million of the settlement fund to supplement extraordinary Tier 3 cases in which a $250,000 award would be inadequate. The panel may recommend a supplemental award of any amount, as long as the total amount of all supplemental awards does not exceed $5 million. Any unused portion of the set-aside will be redistributed to class members.

If the Tier 2 and 3 awards do not exhaust the settlement fund, all Tier 2 and 3 awards will be increased on a pro rata basis until the fund is exhausted, or until all Tier and 2 and 3 awards have been increased by 50%. If the settlement fund is still not exhausted, the remaining balance will be distributed equally to all class members. But if the distributions to all class members would be less than $100, the balance would instead be added to the Tier 2 and 3 awards on a pro rata basis.

---

[1] Judge Gonzalez served as the Special Master in the *USC Student Health Center Litigation*, No. 2:18-cv-04258-SVW (C.D. Cal.), which also involved sexual misconduct allegations against an OB/GYN who worked at the University of Southern California. (Mot. at 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

If the Tier 2 and 3 awards exceed the settlement fund's balance, the awards will be decreased on a pro rata basis. The $2,500 Tier 1 payments will be unaffected.

If the Special Master has completed the claims process and the settlement fund is not fully disbursed, the parties will notify the Court and propose additional terms to distribute the remaining funds. There will be no *cy pres* distribution unless the Court determines that the parties have exhausted all reasonable efforts to distribute the settlement fund to class members.

**B.     Equitable Relief**

The settlement agreement also requires UCLA to implement new procedures to prevent future sexual misconduct at its medical facilities. (Equitable Relief Measures, ECF No. 13-5). These procedures are:

   1. *Appointment of Compliance Monitor*

The Senior Vice President for Ethics, Compliance, and Audit Services in the University of California Office of the President will serve as Compliance Monitor to "facilitate, oversee, and independently evaluate implementation of [the equitable relief measures]." (*Id.* at 1). UCLA will have to describe its progress in implementing the new procedures in annual reports to the UC Chancellor, the UC Regents, and Class Counsel.

   2. *New Sexual Violence/Sexual Harassment Clinical Setting Investigation Model*

UCLA medical facilities will implement a new model for investigating sexual harassment and sexual assault claims arising in the patient-care context. The model's key elements include:

   i.   The Title IX Officer (or designee) "will work with an interdisciplinary team to develop an Incident Response Plan and will lead an Incident Response Team to specify and carry out appropriate actions, reports, and escalations in response to allegations of prohibited conduct in the patient care context." (*Id.*)

   ii.  UCLA medical facilities will notify patients of their right to report allegations to external agencies.

   iii. The Title IX office can recommend and oversee interim measures implemented under the Sexual Violence and Sexual Harassment Policy.

   iv.  "UCLA medical facilities will comply with legally mandated reporting requirements." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

        v.     UCLA Health will employ two Title IX investigators.

   3. *Formal Chaperone Policies*

UCLA will implement policies that require a trained chaperone be present during any "sensitive procedure that involves a physical examination of the breasts (female), genitalia or rectum, of a patient age eight or older, unless the patient affirmatively opts out of receiving information regarding the role of the chaperone." (*Id.*)

   4. *Boundaries Training*

UCLA medical facilities will require that every credentialed physician complete and pass an in-person or online boundaries training course within six months after a credentialing or credentialing application is approved. Physicians who perform sensitive examinations will also have to complete a suitable boundaries training course.

   5. *Notice to Patients of Reporting Options*

UCLA will inform patients about how to report sexual misconduct through plain-language notices displayed at its medical facilities and on the facilities' websites.

   6. *Revision of Credentialing and Recredentialing Applications*

When credentialing or recredentialing medical staff, UCLA will inquire whether the applicant has received any sexual misconduct allegations through a formal investigation or whether the applicant has faced adverse action related to sexual misconduct allegations.

   7. *Due Diligence Requirements*

If UCLA seeks to acquire any physician or group practice, part of its due diligence will be to ask about the physician's or group's sexual misconduct policies and educational programs, current or past allegations of sexual misconduct, and related or pending claims.

   8. *Compliance with Settlement Agreement*

UCLA will implement the required actions for at least three years. Class Counsel will have standing to seek relief from the Court if UCLA fails to comply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

### III. JUDICIAL STANDARD

Federal Rules of Civil Procedure ("Rule") 23 requires that class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the proposed settlement is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(a), (e)(2); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020, 1026 (9th Cir. 1988).

**Rule 23(a), (b)**

As a threshold to class certification, the proposed class must satisfy four prerequisites under Rule 23(a). First, the class must be so numerous that joinder of all members individually is impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Under Rule 23(b), the proposed class must establish that: (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate such that a class action is superior to other methods available for adjudicating the controversy at issue. Fed. R. Civ. P. 23(b).

In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

**Rule 23(e)**

Before approving a class settlement, the Court must first determine whether a proposed settlement that would bind class members is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Hanlon*, 150 F.3d at 1026. To determine whether a settlement agreement meets the above standards, a district court may consider some, or all, of the following factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | A.B. et al v. The Regents of the University of California, et al. | | |

*Id.* at 1026; *See Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list of relevant considerations"). Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness. *Hanlon,* 150 F.3d at 1026. Second, the Court must consider the adequacy of the proposed settlement notice. *Id.* at 1025; Fed. R. Civ. P. 23(e).

### IV.   DISCUSSION

Plaintiffs seek provisional class certification, asserting the requirements of Rule 23(a) and Rule 23(b) are met. Plaintiffs also claim the proposed settlement is "fair, adequate, and reasonable" and that the proposed notice is adequate. The court first turns to class certification, then addresses the settlement and notice.

### A.   Class Certification for Settlement Purposes

Plaintiffs seek certification of a class for settlement purposes defined as:

> All female patients of Dr. James Heaps who were seen for treatment by Dr. Heaps (1) at UCLA Medical (currently known as Ronald Reagan UCLA Medical Center) from 1986 to June 28, 2018, (2) at UCLA's student health center (currently known as Arthur Ashe Student Health and Wellness Center) from 1983 to June 30, 200, or (3) at Dr. Heaps's medical offices at 100 UCLA Medical Plaza from February 1, 2014 to June 28, 2018.

(Mot. at 8). The court first addresses the Rule 23(a) requirements.

#### 1.   *Rule 23(a) Requirements*

As discussed above, a party seeking class certification must establish that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) have been met. The Court addresses each requirement in turn.

##### a.   *Numerosity*

Rule 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The plaintiff need not state the exact number of potential class members, and there is no threshold number of class members required to satisfy numerosity. *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 444 (N.D. Cal. 2001). However, it is "generally accepted that when a proposed class has at least forty members, joinder is presumptively impracticable based on numbers alone." *In re Banc of California Sec. Litig.*, 326 F.R.D. 640, 646 (C.D. Cal. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

Plaintiffs assert the putative class consists of approximately 6,600 women. (Mot. at 8). This easily satisfies the threshold requirement of Rule 23(a)(1). The Court thus finds that numerosity is satisfied.

    b.  *Commonality*

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In the Ninth Circuit, the commonality requirement is "construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Not *all* questions of fact or law need be common to the class; the existence of shared legal issues with divergent factual predicates or a common core of salient facts coupled with disparate legal remedies is sufficient to satisfy commonality. *Id.* In short, the requirements for finding commonality are minimal. *Id.* at 1020.

Plaintiffs argue that commonality is satisfied because all claims against UCLA depend on UCLA's prior actual or constructive knowledge of Heaps's history of sexual misconduct and UCLA's failure to take appropriate actions against Heaps. These failures led to a policy of indifference regarding reports of sexual misconduct, which in turn heightened the risk that Plaintiffs and class members would be sexually harassed or assaulted at UCLA. The Court finds that commonality is satisfied.

    c.  *Typicality*

Rule 23(a)(3) requires that the claims or defenses of the class representatives be typical of the claims or defenses of the class they seek to represent. Fed. R. Civ. P. 23(a)(3). This does not require that the claims of the representative parties be identical to the claims of the proposed class members. *Hanlon*, 150 F.3d at 1020. Rather, typicality focuses on whether the unnamed class members have injuries similar to those of the named plaintiffs, and whether those injuries result from the same injurious course of conduct. *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001). In practice, the commonality and typicality requirements of Rule 23 "tend to merge." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982).

Plaintiffs assert that typicality is satisfied because they were all subject to Dr. Heaps's sexual misconduct due to UCLA's "deliberate indifference to prior reports of sexual misconduct." (Mot. at 21). The Court agrees and finds this is sufficient to satisfy the typicality requirement.

    d.  *Adequacy*

Rule 23(a)(4) requires the Court to determine whether the proposed class representatives and proposed class counsel will fairly and adequately protect the interests of the entire class. Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied if the named plaintiffs and their counsel will prosecute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

the action vigorously on behalf of the class, and do not have interests adverse to unnamed class members. *Hanlon*, 150 F.3d at 1020.

        i.      Proposed Class Representatives

Plaintiffs assert that they are adequate class representatives because they have no conflicts with other class members and have retained experienced counsel to represent the classes' interests. Thus, the Court finds that the proposed class representatives will fairly and adequately protect the interests of the class.

        ii.      Class Counsel

To be adequate, "[t]he named representative's attorney [must] be qualified, experienced, and generally capable to conduct the litigation." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) (alteration in original) (quoting *Jordan*, 669 F.2d at 1323). Plaintiffs' counsel claims they are experienced class-action attorneys with experience in sexual misconduct cases. (Joint Decl. Ex. 2-4, ¶ 28, ECF No. 13-9, 10, 11).

With no challenge to the adequacy of class counsel, who have significant class action experience, the Court finds that the proposed class counsel will fairly and adequately protect the interests of the class.

    2.    *Rule 23(b) Requirements*

Having found that Plaintiffs have satisfied the requirements of Rule 23(a), the Court must now determine whether Plaintiffs meet their burden of showing that the proposed class satisfies the requirements of Rule 23(b)(3).

A class action may be maintained under Rule 23(b)(3) if the court finds that (1) questions of law or fact common to the members of the class predominate over questions affecting only individual members, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

        a.      *Predominance*

When evaluating whether common issues predominate, the operative question is whether a putative class is "sufficiently cohesive" to merit representative adjudication. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Though common issues need not be "dispositive of the litigation," *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 29 (D.D.C. 2001), they must "present a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

significant aspect of the case [that] can be resolved for all members of the class in a single adjudication" to justify "handling the dispute on a representative rather than an individual basis." *Hanlon*, 150 F.3d at 1022.

Common issues predominate here because Plaintiffs' and class members' claims hinge on a "pre-assault" theory of UCLA's deliberate indifference to reports of sexual misconduct, which heightened the risk that Plaintiffs and other class members would be assaulted or harassed during their meetings with Heaps. The Court finds the putative class is "sufficiently cohesive" to justify class treatment and that common questions of law and fact predominate.

      b.    *Superiority*

Rule 23(b)(3) also requires the Court to assess whether a class action is superior to other methods of adjudication. In making this assessment, the Court considers: (1) the interest of each member in "individually controlling the prosecution or defense of separate actions"; (2) the "extent and nature of any litigation already begun"; (3) the "desirability or undesirability of concentrating the litigation of the claims"; and (4) the "likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Plaintiffs contend that class treatment is superior here because of the invasive nature of sexual misconduct litigation, which could retraumatize victims. The Court agrees and finds that the general uniformity of the claims, the likelihood of numerous claims that may go without remedy, and the possibility of inconsistent judgments, that a class action is superior to other methods of adjudication.

**B.**    **Preliminary Approval**

Defendants do not oppose Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Having found that Plaintiffs satisfied the requirements of Rule 23(a) and 23(b) for class certification, the Court must now determine whether the settlement meets the requirements of Rule 23(e). A class action settlement is presumed to be fair when: (1) the settlement is reached through arm's length agreement; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small. Newberg & Conte, Newberg On Class Actions, 3d Ed. (1992) § 11.41. A court may also consider some, or all, of the following factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

*Hanlon,* 150 F.3d at 1026; s*ee Officers for Justice v. Civil Serv. Comm'n of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list of relevant considerations").

These factors appear to be met. First, the settlement was reached after extensive mediation proceedings, suggesting an arm's length agreement. (Joint Decl. ¶¶ 21–23). Second, the parties had participated in extensive discovery proceedings before the settlement was finalized which included over 5,500 pages of documents, Heaps's personnel file, and Title IX investigations into Heaps's misconduct. Third, class counsel are experienced class-action litigators. (Id. ¶¶ 4-7). Finally, there do not appear to be any objections to the proposed settlement at this time.

As for attorneys' fees, the parties will file a separate motion after the Special Master has substantially completed her evaluation of class claims. (Mot. at 19). The parties have agreed that UCLA will pay the attorneys' fee award separate from the settlement fund, which will be unaffected by the attorneys' fee, and the fee award will not exceed $8,760,0000 (12%) of the settlement fund. While the parties will file a separate motion for attorneys' fees, the Court conditionally approves the rate as it is lower than the accepted range for attorneys' fees in the Ninth Circuit. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (finding that 25% recovery is the "benchmark" for attorneys' fees). But final approval depends on class counsel providing sufficient information to support their award.

The parties have also agreed that the class representatives award should be awarded $15,000 to be paid from the settlement fund. The Court agrees that an award to the class representatives is reasonable here and is not the product of collusion or favoritism. The Court therefore provisionally approves Plaintiffs' proposed class representative award.

Next, the Court considers the scope of the release to ensure that it is not overly broad. A proposed settlement agreement is overly broad when it fails to limit the claims released to those based on the facts alleged in the complaint. *See Hesse v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). The settlement agreement requires that class members release all claims relating to matters alleged in the litigation. The agreement, however, does not "release any medical malpractice or negligence claims against Dr. Heaps unrelated to sexual conduct or physician/patient boundaries, any medical malpractice or negligence claims against Dr. Heaps unknown by class members at the time of the opt-out deadline, or any claims against other UCLA practitioners unrelated to Heaps's alleged sexual misconduct." (Mot. at 14).

The proposed settlement release is not overly broad. The release is limited to any claims arising out of related to matters "alleged in the Litigation." (Settlement Agreement ¶ 2.30, ECF No. 13-3). The "Litigation" is defined as all proceedings consolidated with or relating to *A.B. et al. v. Regents of the Univ. of California, et al.*, No. 2:20-CV-09555. (*Id.* ¶ 2.22). Thus, the scope of the release provided in the settlement fits within the parameters established by the Ninth Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

Based on the above, the settlement appears to be fair, adequate, and reasonable for purposes of preliminary approval.

### C. The Proposed Notice

Having found the proposed settlement is fair and reasonable, "[t]he court must direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed R. Civ. P. 23(e)(1). Further, for a Rule 23(b)(3) class, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be reasonably identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1138, 1352 (9th Cir. 1980)).

The Court finds the proposed notice sufficiently informs the class members of: (1) the nature of the litigation and the settlement class; (2) the terms of the Settlement Agreement; (3) the monetary amounts that the Settlement will provide class members; (4) the deadlines for requesting exclusion of the Settlement; (5) objecting to the Settlement; (6) the consequences of taking or foregoing the various options available to class members; and (7) the date, time, and place of the Final Approval Hearing. (Notice of Proposed Settlement, ECF No. 13-6). The parties intend to notify class members through mail using UCLA's patient records. And they intend to supplement the mail notices using Google banners and Facebook ads, publications in the *LA Times* and *People* magazine, and a national press release.

Accordingly, the Court finds that the proposed notice and method of delivery sufficient and approves the notice.

### D. Scheduling

The parties propose the follow schedule:

| Event | Date |
|---|---|
| Claims Administrator sends Notice ("Notice Date") | Within 28 days after entry of this Order |
| Objection and Opt-out Deadline | 90 days after Notice Date |
| Motion for Final Settlement Approval Due | 110 days after Notice Date |
| Deadline to Submit Claim Forms and Statement of Class Membership Forms | 120 days after Notice Date |
| Final Approval Hearing | TBD (No earlier than 125 days after Notice Date) |
| Special Master files Report on Claims Process | Within 28 days after completion of Claims Process |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | January 8, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the University of California, et al.* | | |

| | |
|---|---|
| Motion for Award of Attorneys' Fees, Costs, and Services Awards to Class Representatives ("Fee Motion") Due | Within 14 days after Special Master files Report on Claims Process |
| Deadline to Object to Fee Motion | 30 days after Fee Motion is filed and made available to Class Members on the Settlement website |
| Reply in Support of Fee Motion Due | No later than 14 days before the Hearing on the Fee Motion |
| Hearing on Fee Motion | TBD |

The Court approves the proposed schedule and sets the date for the Final Approval Hearing for July 12, 2021.

V.  **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and provisionally certifies the class. The Final Approval Hearing is hereby calendared for **July 12, 2021 at 9:00 a.m.**

**IT IS SO ORDERED.**

_____   :   _____

Initials of Preparer   _____