UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | October 3, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the Univ. of Cal.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion for Relief [DE 52]

## I.   INTRODUCTION

On October 19, 2020, seven women—patients of Dr. James Mason Heaps, a former obstetrician-gynecologist (OB-GYN) at various University of California, Los Angeles (UCLA) medical facilities—brought a putative class action against the Regents of the University of California and Dr. Heaps (collectively, "Defendants"). Plaintiffs' complaint alleged violations of Title IX, negligence/gross negligence, violations of the Unruh Act, sexual assault, sexual battery, intentional infliction of emotional distress, and ratification. (Compl., ECF No. 1.)

The Court provisionally certified Plaintiffs' proposed class and granted preliminary approval of a class action settlement on January 8, 2021. (Order re Prelim. Approval, ECF No. 33.) Pursuant to Federal Rule of Civil Procedure ("Rule") 23(e)(1), the Court also approved the notice that would be directed to all class members who would be bound by the proposed settlement. That notice set May 6, 2021 as the deadline to opt out, consistent with the Court's order. (Keough Decl., ECF No. 40-4; *see* Order re Prelim. Approval at 11.) On July 12, 2021, following an in-court hearing, the Court granted final approval of the class action settlement. (Min. re Final Approval, ECF No. 51.)

Presently before the Court is a motion for relief brought by six members of the class who submitted their opt-out request beyond the May 6, 2021 deadline. (Mot. Relief, ECF No. 52.) For the following reasons, the Court **DENIES** this motion.

## II.   FACTUAL BACKGROUND

The underlying facts of this case, as well as the details of the settlement agreement, are set forth in the Court's order granting preliminary approval of the class action settlement. (*See* ECF No. 33.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | October 3, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the Univ. of Cal.* | | |

### III. JUDICIAL STANDARD

Under Rule 60(b)(1), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The determination of whether neglect is excusable is an equitable one that generally considers the dangers of prejudice to the other party, the length of delay and its potential impact on judicial proceedings, the reason for delay, and whether this reason was within the reasonable control of the party, and whether the party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993); *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (applying *Pioneer* to Rule 60(b)). This determination is "committed to the discretion of the district courts." *Brandt*, 653 F.3d at 1112.

When a member of a class seeks a "tardy opt-out" from a class action settlement, courts apply specific factors to evaluate excusable neglect:

> (1) the degree of compliance with the best practicable notice procedures; (2) when notice was actually received and if not timely received, why not; (3) what caused the delay, and whose responsibility was it; (4) how quickly the belated opt-out request was made once notice was received; (5) how many class members want to opt out; (6) and whether allowing a belated opt out would affect either the settlement or finality of the judgment.

*In re Volkswagen*, 895 F.3d 597, 618 (9th Cir. 2018) (quoting *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994)). These factors are congruent with the general factors set forth in *Pioneer*.

### IV. DISCUSSION

Six class members move for relief from the deadline to opt-out of the class action settlement: Jane LS Doe ("LS"), Jane FR Doe ("FR"), Jane SV Doe ("SV"), Jane NE Doe ("NE"), Jane NN Doe ("NN"), and Jane CB Doe ("CB") (collectively, "Movants"). Movants mailed their respective opt-out requests after the May 6, 2021 deadline. They now argue that their tardiness is a result of excusable neglect, which should entitle them to relief under Rule 6(b)[1] and 60(b).[2] The Court disagrees and finds

---

[1] Rule 6(b)(1)(B) provides that a court may extend the time "an act may or must be done" if a party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

[2] Movants also argue that the May 6 deadline to opt-out of the class action violates the "text and spirit of AB-3092," which is codified in California Civil Procedure Code Section 340.16. This statute revived claims that would have been barred "solely because the applicable statute of limitations has . . . expired" by allowing them to be filed by December 31, 2021. Cal. Civ. Proc. Code § 340.16(d)(1). But this statute does not allow Movants to circumvent a separate deadline set by this Court. Therefore, Movants' assertion does not alter the Court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | October 3, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the Univ. of Cal.* | | |

that, upon consideration of the factors set forth in *Silber*, Movants have not demonstrated excusable neglect.

> **A.** **Factors (1) and (2): Degree of Compliance with the Best Practicable Notice Procedures, and When Notice Was Actually Received**

The Court found that the proposed notice of class action settlement was sufficient and the "best notice that is practicable under the circumstances." (Order re Prelim. Approval at 11 (quoting Fed. R. Civ. P. 23(c)(2)(B)).) The Settlement Administrator issued the notice on February 5, 2021 via the approved methods. (*See* Keough Decl. ¶¶ 8, 14.) That is, the Settlement Administrator physically and electronically mailed the notice to 5,530 pre-identified class members. To supplement the mail and email notices, the Administrator also engaged in a "digital media effort using the leading digital network (Google Display Network ('GDN')) and the top social media platform (Facebook) as well as a print media effort using a leading consumer magazine (*People*) and a top daily newspaper (*Los Angeles Times*). [The Settlement Administrator] also distributed a press release of a shortened summary notice ("Press Release") over PR Newswire's US1 Newsline." (*Id.* at ¶ 19.) The Court finds full compliance with the approved notice procedures.

In fact, five of six Movants admit in their declarations that they received the notice at their physical and/ or electronic addresses before the May 6, 2021 opt-out deadline. (*See* LS Decl. ¶ 5, ECF No. 52-7; FR Decl. ¶ 4, ECF No. 52-8; SV Decl. ¶ 5, ECF No. 52-9; NE Decl. ¶ 7, ECF No. 52-10; CB Decl. ¶ 4, ECF No. 52-12.) The sixth Movant, NN, does not explicitly affirm or deny that she received the notice; instead, she states that she "did not receive communication from [her] family" about a letter and "do[es] not recall receiving any emails," creating a likelihood that she did receive the notice, but simply failed to acknowledge it. (*See* NN Decl. ¶ 4, ECF No. 52-11.)

> **B.** **Factors (3) and (4): Cause of the Delay, and How Quickly the Belated Opt-Out Request Was Made Once Notice Was Received**

The Movants each offer a different explanation for the cause of their delay in sending an opt-out request:

- LS asserts that a family member's hospitalization for COVID-19 "consumed [her] attention" so that she did not "direct [her] attention to other logistics" until after the deadline. (LS Decl. ¶ 5.)
- FR discovered the email notice in her inbox only after affirmatively searching for it in mid-May of 2021. (FR Decl. ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09555-RGK-E | Date | October 3, 2021 |
|---|---|---|---|
| Title | *A.B. et al v. The Regents of the Univ. of Cal.* | | |

- SV visited Mississippi until April 2021, but she did not review her "large pile of unopened mail" until mid-May. (SV Decl. ¶ 5.)
- NE asserts that her mail is sent to her estranged husband's P.O. Box, which she confirmed with UCLA in mid-May, and that she changed her email address, but only "sporadically" checked her old address. (NE Decl. ¶¶ 5, 6.)
- CB reviewed the mailed notice on May 5, 2021—the day before the deadline—but "did not readily understand what was required" until after post offices closed on May 6. (CB Decl. ¶ 4.)
- NN states that she does not recall receiving an email notice and that her family never told her about receiving mail from UCLA. (NN Decl. ¶ 4.) However, NN does not explain what prompted her to ultimately submit an opt-out request, leaving the Court to infer that she did receive the notice but only acknowledged it after the deadline.

No Movant offers an adequate explanation for failing to meet the opt-out deadline. Movants are responsible for their own delay in each case. They received mail notice or email notice (or both) of the settlement before the deadline, as well as constructive notice through online publication and national press coverage. While each Movant may have acted in good faith, their good faith alone does not make their neglect excusable.

Additionally, although FR, SV, and NE appear to have acknowledged their notices in mid-May, they did not submit their opt-out requests until June 5 and June 7. They offer no explanation for this even further delay.

    C.    <u>Factors (5) and (6): How Many Class Members Want to Opt-Out, and Whether a Belated Opt-Out Would Affect the Settlement</u>

Although only six of approximately 6,600 class members seek a tardy opt-out from the settlement, the effect of these late opt-outs could undermine the settlement by permitting other members to seek similar relief from the Court by simply claiming to not have carefully reviewed the notice before the deadline. The Court has already approved the settlement, which was "reached after extensive mediation proceedings." (Order re Prelim. Approval at 10; *see* Min. re Final Approval.) The settlement agreement permitted Defendants to withdraw if the number of class members who excluded themselves form the class exceeded 250. (Settlement Agreement § 9.3, ECF No. 13-3.) The timeliness of the written opt-out requests was important so that Defendants could "properly evaluate their right to withdraw from the settlement." (*Id.* at § 3.5.) Opening the door to late opt-out requests would prejudice Defendants who have already decided not to withdraw from the settlement agreement based on the number of members who timely excluded themselves.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09555-RGK-E | Date | October 3, 2021 |
| Title | A.B. et al v. The Regents of the Univ. of Cal. | | |

In sum, having considered the relevant facts, the Court finds no excusable neglect. Accordingly, Movants are not entitled to relief from the deadline to opt-out of the class action settlement.

### V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for relief.

**IT IS SO ORDERED.**

_____ : _____