1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

12

A.B., C.D., E.F., G.H., I.J., K.L., and M.N.
on behalf of themselves and all others
similarly situated,

       Plaintiffs,

v.

THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA and JAMES MASON
HEAPS, M.D.,

       Defendants.

Case No. 2:20-CV-09555-RGK (Ex)

**FINAL APPROVAL ORDER
AND JUDGMENT**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1         The parties have entered into a Settlement Agreement ("Settlement") to resolve

2 this litigation, subject to the approval of this Court under Federal Rule of Civil

3 Procedure 23(e). This matter came before the Court on Plaintiffs' motion for final

4 settlement approval on July 12, 2021.  At that time, the Court granted the motion to

5 approve the Settlement and appoint the Hon. Irma Gonzalez (ret.) as Special Master.

6 Dkt. 51.  The Court now enters this final judgment, effective as of July 13, 2021.

7         The Court, after carefully considering the motion and the Settlement together

8 with all exhibits and attachments thereto, the record in this matter, and the briefs and

9 arguments of counsel, and good cause appearing, has determined: (a) the Settlement is

10 fair, reasonable, and adequate and should be finally approved; (b) the Settlement Class

11 will be certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil

12 Procedure; (c) the Notice to the Class was directed in a reasonable and sufficient

13 manner; (d) jurisdiction is reserved and continued with respect to Plaintiffs' motion for

14 attorneys' fees, reimbursement of litigation expenses, and service awards;

15 (e) jurisdiction is reserved and continued with respect to implementation and

16 enforcement of the terms of the Settlement; (f) Plaintiffs are appointed Class

17 Representatives; (g) the law firms of Girard Sharp LLP, Gibbs Law Group LLP, and

18 Erickson Kramer Osborne LLP are appointed as Class Counsel; and (h) Hon. Irma E.

19 Gonzalez (ret.) is appointed as Special Master.

20         IT IS HEREBY ORDERED as follows:

21         1.      The Court has jurisdiction over this litigation, Plaintiffs, Defendants, and

22 Settlement Class Members, and any party to any agreement that is part of or related to

23 the Settlement. Venue is proper in this Court.

24         2.      All capitalized terms shall have the same meaning ascribed to them in the

25 Settlement Agreement.

26         3.      Pursuant to Rule 23(e), the Court hereby finds the Settlement is, in all

27 respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

28              a.      Rule 23(e)(2)(A) is satisfied because the Plaintiffs and Class Counsel

1  have vigorously represented the Class.

2        b.    Rule 23(e)(2)(B) is satisfied because the Settlement was negotiated at

3  arm's length by informed counsel acting in the best interests of their respective clients,

4  under the close supervision of an experienced mediator.

5        c.    Rule 23(e)(2)(C) is satisfied because the $73 million in relief

6  provided for the Class is adequate considering the costs, risks, and delay of trial and

7  appeal. The three-tiered settlement claims process allowing for claimant choice is an

8  efficient, accessible, safe, and private way to optimize payments to Class Members. The

9  Equitable Relief Measures ensure meaningful institutional change will be implemented

10  at UCLA to avoid sexual misconduct in the patient care context. Defendants will pay

11  separately Class Counsel's attorneys' fees and litigation costs, as well as all Settlement

12  administration and claims processing costs and fees, without any reduction of Class

13  Member recoveries. There are no undisclosed side agreements.

14        d.    Rule 23(e)(2)(D) is satisfied as the Settlement treats Class Members

15  equitably by presenting them with the same choices within the three-tiered structure.

16  The experienced three-person Panel, including the Special Master, OB/GYN, and

17  forensic psychiatrist, will evaluate claims and allocate awards to Tier 2 and Tier 3

18  Claimants.

19      4.    The Court certifies, for settlement purposes only, the following Class:

20

21        All female patients of Dr. James Heaps who were seen for treatment by Dr. Heaps (1) at UCLA Medical Center (currently known as Ronald Reagan UCLA Medical Center) from January 1, 1986 to June 28, 2018, (2) at UCLA's student health center (currently known as Arthur Ashe Student Health and Wellness Center) from January 1, 1983 to June 30, 2010, or (3) at Dr. Heaps's medical offices at 100 UCLA Medical Plaza from February 1, 2014 to June 28, 2018.

22

23

24

25

26

27      5.    The Court concludes, for purposes of the Settlement only, that the

28  requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied for the

1   Settlement Class. In support of this conclusion, the Court finds as follows:

2         a.    The number of Settlement Class Members is too numerous for their

3   joinder to be practicable. The Settlement Class consists of approximately 5,500

4   individuals, whose identities are ascertainable through UCLA's records or through self-

5   identification.

6         b.    There are questions of law and fact common to the Settlement Class,

7   and these common questions predominate over individualized questions for settlement

8   purposes. The common questions include Heaps's alleged pattern of misconduct toward

9   female patients at UCLA medical facilities, and UCLA's failure to terminate or

10  otherwise discipline him.

11        c.    Plaintiffs' claims are typical of the claims of the Settlement Class in

12  that each of the claims arises from a common course of conduct on the part of each of

13  the Defendants in exposing Heaps's female patients to alleged sexual misconduct.

14        d.    Plaintiffs are adequate class representatives, whose interests in this

15  matter are aligned with those of the other Settlement Class Members. Additionally,

16  proposed Class Counsel—the law firms of Girard Sharp LLP, Gibbs Law Group LLP,

17  and Erickson Kramer Osborne LLP—are experienced in prosecuting class actions

18  involving similar claims and have committed the necessary resources to represent the

19  Settlement Class.

20        e.    A class action is a superior method for the fair and efficient

21  resolution of this litigation.

22      6.    In making all the foregoing findings, the Court has exercised its discretion

23  in certifying a Settlement Class.

24      7.    The Court finds that notice was given in accordance with the Preliminary

25  Approval Order (Dkt. 33), and that the form and content of that Notice, and the

26  procedures for disseminating notice, satisfy the requirements of Rule 23(e) and due

27  process and constitute the best notice practicable under the circumstances. The Court

28  further finds that the notification requirements of the Class Action Fairness Act, 28

1   U.S.C. § 1715, have been met.

2        8.    Adequate notice of the proceedings was given to Settlement Class

3   Members, with a full opportunity to participate in the fairness hearing or request

4   exclusion. Therefore, it is hereby determined that all Settlement Class Members are

5   bound by this Final Approval Order and Judgment.

6        9.    The Court **GRANTS** final approval of the Settlement and **DIRECTS** the

7   parties, Special Master, Panel, and Settlement Administrator to implement the

8   Settlement according to its terms and conditions.

9        10.   This litigation is dismissed with prejudice, and the Released Claims and

10  Releasing Defendants' Claims are released as set forth in the Settlement.

11       11.   This Final Approval Order shall have no force or effect on the persons who

12  have validly excluded themselves from the Class. The persons identified in Exhibit A to

13  the Supplemental Declaration of Jennifer M. Keough (filed separately under seal at

14  Dkt.45-2) requested exclusion from the Settlement Class as of the Objection and Opt-

15  Out Deadline. These persons shall not share in the benefits of the Settlement, and this

16  Final Approval Order and Judgment does not affect their legal rights to pursue any

17  claims they may have against Defendants. All other members of the Settlement Class

18  are hereinafter barred and permanently enjoined from prosecuting any Released Claims

19  against Defendants in any court, administrative agency, arbitral forum, or other tribunal.

20       12.   Neither the Settlement, nor any act performed or document executed

21  pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be

22  used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any

23  wrongdoing or liability of Defendant or any other Released Party, or (c) any fault or

24  omission of Defendant or any other Released Party in any proceeding in any court,

25  administrative agency, arbitral forum, or other tribunal.

26       13.   Neither Plaintiffs' application for attorneys' fees, reimbursement of

27  litigation expenses, and service awards, nor any order entered by this Court thereon,

28  shall in any way disturb or affect this Judgment, and all such matters shall be treated as

1    separate from this Judgment. Without affecting the finality of this Judgment, the Court

2    reserves and continues jurisdiction with respect to Plaintiffs' motion for attorneys' fees,

3    reimbursement of litigation expenses, and service awards. Class Counsel's request for

4    attorneys' fees and reimbursement of expenses shall not exceed $8,760,000. All

5    attorneys' fees and expense will be paid separately by Regents, in addition to and

6    without reduction of the Settlement Fund. Any service awards the Court approves will

7    be paid from the Settlement Fund.

8        14.   Plaintiffs' motion for attorneys' fees, reimbursement of litigation expenses,

9    and service awards will be posted on the Settlement website as soon as it is filed.

10   Settlement Class Members will have the opportunity to object to the motion.

11       15.   Without affecting the finality of this Judgment, the Court reserves and

12   continues jurisdiction with respect to the implementation and enforcement of the terms

13   of the Settlement, Claims Process, distribution of Claim Awards, and all other matters

14   related to the administration, consummation, and interpretation of the Settlement and/or

15   this Final Approval Order and Judgment, including any orders necessary to effectuate

16   the final approval of the Settlement and its implementation.

17       16.   No Settlement Class Member or any other person will have any claim

18   against Plaintiffs, Class Counsel, any person designated by Class Counsel, the Special

19   Master, the Panel, or the Settlement Administrator arising from or relating to the

20   Settlement or actions, determinations or distributions made substantially in accordance

21   with the Settlement or Orders of the Court.

22       17.   If any Party fails to fulfill its obligations under the Settlement, the Court

23   retains authority to vacate the provisions of this Judgment releasing, relinquishing,

24   discharging, and barring and enjoining the prosecution of the Released Claims against

25   the Released Parties and to reinstate the Released Claims.

26       18.   If the Settlement does not become effective, this Judgment shall be rendered

27   null and void to the extent provided by and in accordance with the Settlement and shall

28   be vacated and, in such event, all orders entered and releases delivered in connection

1    herewith shall be null and void to the extent provided by and in accordance with the

2    Settlement.

3        19.    The Court appoints as Class Representatives: Plaintiffs A.B., C.D., E.F.,

4    G.H., I.J., K.L., and M.N.

5        20.    The Court appoints the law firms of Girard Sharp LLP, Gibbs Law Group

6    LLP, and Erickson Kramer Osborne LLP as Class Counsel. Class Counsel shall be

7    responsible for monitoring compliance with the Equitable Relief under the Settlement.

8    Class Counsel shall have no role or responsibility in regard to (i) advocating for

9    Settlement Class Members before the Special Master, or (ii) determining individual

10   Settlement Class Members' claims or awards.

11       21.    The Court appoints Hon. Irma E. Gonzalez (Ret.) as Special Master to

12   perform the duties consented to by the Parties under the Settlement. This appointment is

13   fair in light of her experience evaluating claims of this nature and Regents' agreement

14   to pay her separately and apart from the Settlement Fund.

15       22.    As the Settlement dictates, the Special Master shall perform the following

16   duties with all reasonable diligence:

17           a.  Lead the Panel in adjudicating and determining Claim Awards for

18               Tier 2 and Tier 3 Claims;

19           b.  Retain and supervise, or consult, any psychologists, psychiatrists, or

20               other experts, trained specialists, or administrative personnel to

21               conduct interviews and evaluate Claim Forms;

22           c.  Permit, at her discretion, late-filed Claims during the period Claims

23               are being evaluated; and

24           d.  Develop protocols in consultation with the Parties for interviews or

25               other oral or written communications with Settlement Class members

26               relating to Tier 2 and Tier 3 Claims.

27       23.    The Special Master's determination of Tier 2 and Tier 3 Claim Awards

28   shall be final.

24.    The Special Master may communicate *ex parte* with the Court or with the Parties or their counsel for any purpose relating to the duties described herein. Within 28 days of completion of the Claims Process, the Special Master shall cause to be filed a Report on Claims Process via ECF, which shall fulfill her duty to serve her order(s) on the parties pursuant to Federal Rule of Civil Procedure 53(e).

25.    The Special Master and her team shall be compensated at their reasonable and customary rates. Regents will pay these claims processing costs and fees separately and apart from the Settlement Fund. The Court's continuing jurisdiction encompasses any matters relating to the compensation of the Special Master and her team.

26.    The Court finds no grounds for disqualification under 28 U.S.C. § 455.

For the reasons set forth above, effective as of July 13, 2021 (*see* Dkt. 51), the Court **GRANTS** Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: November 8, 2021

_____
Hon. R. Gary Klausner
United States District Judge

FINAL APPROVAL ORDER AND JUDGMENT
CASE NO. 2:20-CV-09555-RGK (Ex)