1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., C.D., E.F., G.H., I.J., K.L., M.N., on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA AND JAMES MASON HEAPS, M.D., AND JOHN DOES 1-20,<br><br>　　　Defendants. | Case No. 2:20-cv-09555-RGK (Ex)<br><br>Hon. R. Gary Klausner<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND FOR SERVICE AWARDS** |

Plaintiffs' Motion for Attorneys' Fees and Expenses and for Service Awards came on for hearing before this Court on May 23, 2022. After due consideration of the facts of record, the applicable legal standards, and the arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion for Attorneys' Fees and Expenses and for Service Awards [ECF No. 70] is **GRANTED**. Defendant Regents of the University of California ("UC Regents") shall pay Class Counsel's attorneys' fees and costs in the amount of $8,760,000.

2.  Under the Settlement, Defendant UC Regents agreed to pay attorneys' fees and costs of up to $8,760,000 million in addition to the $73 million Settlement fund reserved for the Class. The Court previously found that the Settlement confers substantial benefits on Class members and meets the requirements of Rule 23. ECF No. 51. The parties' fee agreement was negotiated at arms' length with the assistance of an experienced mediator and only after the parties had reached an agreement on settlement terms for the Class.

3.  The Notice adequately informed Class members that Class Counsel would seek attorneys' fees and costs of up to $8,760,000, and Class members have been afforded a reasonable opportunity to respond to the fee application. The March 30, 2022 deadline for Plaintiffs' Motion for Attorneys' Fees was posted on the Settlement website on January 31, 2022. Further, in accordance with the Notice, Class Counsel's fee application was posted on the Settlement website upon filing, and Class members had 30 days to respond.

4.  The Court finds that Class Counsel's request for $8,760,000 in fees and expenses to be reasonable. The request represents 12% of the total recovery under the constructive common fund doctrine and falls well below the 25% benchmark in the Ninth Circuit.

1

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND FOR SERVICE AWARDS
Case No. 2:20-cv-09555-RGK (Ex)

5. A lodestar crosscheck further confirms the reasonableness of Class Counsel's request. The requested fee amounts to a multiplier of 3.85, which is within the typical range of multipliers in class action settlements. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 n.6 (9th Cir. 2002) (most multipliers fall from 1.0-4.0); *Smith v. Experian Info. Sols., Inc.*, No. SACV17-00629-CJC, 2020 WL 6689209, at *6 (C.D. Cal. Nov. 9, 2020) (3.8 multiplier); *Thompson v. Transam. Life Ins. Co.*, No. 2:18-CV-05422-CAS, 2020 WL 6145104, at *4 (C.D. Cal. Sept. 16, 2020) (4.2 multiplier). Moreover, the multiplier will decrease over time as Class Counsel will continue to incur time and expenses to monitor UC Regents' compliance with the equitable commitments secured by the Settlement.

6. The Court further finds that the results obtained, the quality of Class Counsel's work, their experience in complex class action litigation, the contingent nature of their representation, and the significant risks in this case further support the request. Class Counsel delivered robust results for the Class, negotiating a flexible and trauma-informed settlement that has provided $73 million in compensation to class members and precipitated significant institutional changes at UCLA. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (listing factors that may be considered when awarding fees). No class member objected. Class Counsel crafted an innovative claims process that was sensitive to the trauma many Class members experienced, providing a non-adversarial alternative to individual litigation for class members.

7. Class Counsel's fee request encompasses their litigation expenses. The Court concludes that Class Counsel is entitled to reimbursement for these expenses. The expenses incurred by counsel were reasonable and necessary to the resolution of this case, and are of the sort typically billed by attorneys to paying clients.

8. Plaintiffs also request service awards to be paid out of the Settlement fund. The Court finds that class representatives A.B., C.D., E.F., G.H., I.J., K.L., and M.N., should be awarded $15,000 each for service as class representatives in this case,

2

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND FOR SERVICE AWARDS
Case No. 2:20-cv-09555-RGK (Ex)

1  including assisting Class Counsel by detailing their traumatic experiences of sexual
2  abuse, responding to discovery and producing medical records, and recording video
3  testimonials used at mediation. The total service awards amount to less than 1% of the
4  $73 million settlement fund and is justified by the sensitive nature of the litigation, the
5  risks the named plaintiffs faced by coming forward, and the time and effort the class
6  representatives devoted for the benefit of absent class members. *See Boyd v. Bank of Am.*
7  *Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at *7 (C.D. Cal. Nov. 18, 2014)
8  (approving $15,000 service award); *Edwards v. First Am. Corp.*, No. CV07-03796-SJO-
9  FFMx, 2016 WL 9176564, at *2 (C.D. Cal. Oct. 14, 2016) (same).

**IT IS SO ORDERED.**


DATED: _____     _____
                                     Hon. R. Gary Klausner
                                     United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES AND EXPENSES AND FOR SERVICE AWARDS
Case No. 2:20-cv-09555-RGK (Ex)