Daniel C. Girard (State Bar No. 114826)
dgirard@girardsharp.com
Jordan Elias (State Bar No. 228731)
jelias@girardsharp.com
Trevor T. Tan (State Bar No. 281045)
ttan@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Eric H. Gibbs (State Bar No. 178658)
ehg@classlawgroup.com
Amy M. Zeman (State Bar No. 273100)
amz@classlawgroup.com
Amanda M. Karl (State Bar No. 301088)
amk@classlawgroup.com
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

*Class Counsel [Additional Class Counsel on Signature Page]*

**GIBSON, DUNN & CRUTCHER LLP**
DEBRA WONG YANG, SBN 123289
dwongyang@gibsondunn.com
CATHERINE A. CONWAY, SBN 98366
cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
jcripps@gibsondunn.com
MATTHEW A. HOFFMAN, SBN 227351
mhoffman@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendant The Regents of the University of California [Counsel for Additional Defendants on Signature Page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., C.D., E.F., G.H., I.J., K.L., M.N., on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; JAMES MASON HEAPS, M.D.; AND JOHN DOES 1-20,<br><br>       Defendants. | Case No. 2:20-CV-09555-RGK (Ex)<br><br>Hon. R. Gary Klausner<br><br>**STIPULATION REGARDING DISPOSITION OF RESIDUAL FUNDS**<br><br>Civ. L.R. 7-1 |

Plaintiffs A.B., C.D., E.F., G.H., I.J., K.L., M.N., on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendants The Regents of the University of California and James Mason Heaps, M.D. ("Defendants") (collectively, the "Parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on November 10, 2021, the Court granted final approval of the Parties' settlement of this action and entered judgment (Dkt. No. 66);

WHEREAS, on April 28, 2022, Hon. Irma E. Gonzalez, the Special Master, and the other members of the Panel submitted their final report on the claims and injury allocation processes under the Settlement (Dkt. No. 75);

WHEREAS, the Settlement Administrator, JND Legal Administration, has implemented the Settlement and distributed the Settlement Amount[1] to Class Members in accordance with the Claims Process and the Panel's determinations (Dkt. No. 13-4; *see* Declaration of Genevieve Pierce ("Pierce Decl."), filed herewith);

WHEREAS, a total of 5,656 claims by Class Members were deemed valid and paid (Pierce Decl., ¶ 6);

WHEREAS, Class Members have deposited or cashed a total of approximately $72,763,157.88 in settlement checks (Pierce Decl., ¶ 18);

WHEREAS, after payment of all valid claims, $1,259,816.74 remained in the Settlement Fund due to uncashed checks, and the Settlement Administrator in June 2023 distributed that remaining amount to all Class members (Pierce Decl., ¶ 15);

WHEREAS, following that supplemental distribution, a small percentage of those additional payments had not been deposited or cashed by Class Members within the designated time period for doing so, and, after payment of reissue requests and administrative costs, a residual sum of approximately $57,128 will remain in the Settlement Fund (Pierce Decl., ¶ 19);

---

[1] Unless otherwise noted, capitalized terms have the meaning attributed to them in the Settlement Agreement, Dkt. No. 13-3.

STIPULATION REGARDING DISPOSITION OF RESIDUAL FUNDS
CASE NO. 2:20-cv-09555-RGK (Ex)

WHEREAS, residual funds generally should be redistributed to class members when feasible, *see, e.g.*, *Hester v. Vision Airlines, Inc.*, No. 2:09-CV-00117-RLH, 2017 WL 4227928, at *2 (D. Nev. Sept. 22, 2017) (citing *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 474-75 & n.16 (5th Cir. 2011));

WHEREAS, with two distributions of the Settlement Fund to all claimants having now been completed, a third distribution is not economically feasible as the cost of a further distribution, even if limited to the Tier 3 Claimants, would exceed the amount remaining in the Settlement Fund (Pierce Decl., ¶ 20);

WHEREAS, specifically, the Settlement Administrator estimates that the cost associated with redistributing the remaining $57,128 to the 236 Tier 3 Class Members, based on the printing and postage costs associated with mailing, as well as the anticipated increase in Class Member communications resulting from the redistribution, would be approximately $79,650 (Pierce Decl., ¶ 20);

WHEREAS, under section 6.7 of the Settlement Agreement (Dkt. No. 13-3 at p. 31 of 45), if the Settlement Fund is not fully disbursed after the completion of the Claim Process, the Parties are to notify the Court and propose additional means of distributing the remaining amount in the Settlement Fund, including distribution to an appropriate *cy pres* recipient;

WHEREAS, because the Parties have exhausted all reasonable efforts to distribute the Settlement Fund to Class Members, Plaintiffs propose, and Defendants do not oppose, distributing the remainder of the Settlement Fund in this case to the Los Angeles Center for Law and Justice;

WHEREAS, the Los Angeles Center for Law and Justice provides legal services for survivors of sexual assault and domestic violence, and, as such, its mission aligns with Plaintiffs' objectives in bringing this litigation alleging incidents of sexual assault, *see Principles of the Law of Aggregate Litigation* § 3.07(c);

WHEREAS, courts in other cases have approved class action settlements providing for the distribution of residual settlement funds to the Los Angeles Center for

2

Law and Justice, *e.g.*, *Thomas v. Californian-Magnolia Convalescent Hosp., Inc.*, No. RIC1901197, 2022 WL 2071894 & 2022 WL 2104508 (Cal. Super.); *Nunez v. SAR Cal. Holdco Inc.*, No. BC575506, 2017 WL 4419136 & 2017 WL 4392107 (Cal. Super.); and

WHEREAS, no party or counsel for a party in this action would derive a direct or indirect benefit from the Los Angeles Center for Law and Justice receiving a charitable contribution in the form of a distribution of the remaining Settlement Amount.[2]

NOW THEREFORE, the Parties hereby stipulate, and respectfully request that the Court order, that the amount remaining in the Settlement Fund following completion of the remaining residual payment reissues be disbursed by the Settlement Administrator to the Los Angeles Center for Law and Justice. Pursuant to Local Civil Rules 5-4.4, 7-1, and 52-4.1, a proposed Order is submitted herewith.

Respectfully submitted,

Dated: November 14, 2023

/s/ *Daniel C. Girard*
Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Trevor T. Tan (State Bar No. 281045)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
jelias@girardsharp.com
ttan@girardsharp.com

Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
Amanda M. Karl (State Bar No. 301088)

---

[2] Counsel for the UC Regents, Gibson, Dunn & Crutcher ("Gibson Dunn"), regularly assists with pro bono cases in coordination with the Los Angeles Center for Law and Justice. Gibson Dunn would not, however, receive any economic benefit from the proposed charitable contribution.

3

STIPULATION REGARDING DISPOSITION OF RESIDUAL FUNDS
CASE NO. 2:20-cv-09555-RGK (Ex)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com
amk@classlawgroup.com

Elizabeth A. Kramer (State Bar No. 293129)
Julie Erickson (State Bar No. 293111)
**ERICKSON KRAMER OSBORNE LLP**
44 Tehama Street
San Francisco, CA 94105
Telephone: (415) 635-0631
Facsimile: (415) 599-8088
elizabeth@eko.law
julie@eko.law

*Class Counsel*

/s/ *Jesse A. Cripps*
**GIBSON, DUNN & CRUTCHER LLP**
DEBRA WONG YANG, SBN 123289
dwongyang@gibsondunn.com
CATHERINE A. CONWAY, SBN 98366
cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
jcripps@gibsondunn.com
MATTHEW A. HOFFMAN, SBN 227351
mhoffman@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendant The Regents of the
University of California*

4

STIPULATION REGARDING DISPOSITION OF RESIDUAL FUNDS
CASE NO. 2:20-cv-09555-RGK (Ex)

/s/ *Tracy Green*
Tracy Green (SBN 137869)
**GREEN & ASSOCIATES**
800 West Sixth Street, Suite 450
Los Angeles, CA 90017
(213) 233-2260

*Attorneys for Defendant*
*James Mason Heaps, M.D.*

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *Daniel C. Girard*
Daniel C. Girard

5