IMPORTANT
TIME SENSITIVE

3/26/2024

To:
Honorable R. Gary Klausner
Edward R. Roybal Federal Building and U.S. Courthouse
Court Room #850, 8th Floor
255 East Temple St.
Los Angeles, CA 90012

Regarding:
Maria Siani
Claimant ID #DZM78WL9XR
UCLA/ Heaps Settlement
Case #2:20-CV09555 (C.D. CAL)

Hello Judge Klausner,

I am writing to you after I have exhausted all other means for help.

Please, we need your help and guidance.

My Mother, Maria Siani and I, Sandra Siani are longtime supporters of UCLA and are both past Patients of Dr. James Heaps, for over 30 years,.

We are both Members of the Class Action Lawsuit regarding Dr. James Heaps and UCLA.

Since both of our last names are Siani, I will refer to my Mother as Maria.

Maria filled out the paperwork for this lawsuit and submitted it within the proper timeline.

Maria was 97 years old when she wrote her letter on April 30, 2021. She wrote an 11 page letter detailing her feelings and experiences regarding the issues of this lawsuit.

She wrote that she was not sure which Tier to submit her claim.

She qualified for the Tier 3 level.

She wrote in her letter that she has a hearing disability, so she would not be able to hear on the telephone. This forced her to submit as a Tier 2, even though she wanted to file and she qualified for a Tier 3.

Page 1 of 8

(This is my side note: The UCLA/ Heaps Class Action lawsuit did not take into consideration the age and generational standards of being uncomfortable talking to a stranger about this incredibly sensitive and sexual topic. When you are a woman and your age is in your 90's, talking about sexual misconduct is stressful and embarrassing. This is on top of the major factor that Maria could not hear and would have to constantly ask for the uncomfortable and sensitive questions to be repeated, which ultimately she would not be able to hear because of her hearing disability).

On page 1 and page 8 of Maria's Class Action letter, she states her age of 97. Here is a quote from her April 30, 2021 Class Action letter, page 11:
"I was not sure which Tier to submit this as. The difference that I saw was that one is just in writing and the other was in writing and that I was open to discuss any questions or concerns on the phone. I would prefer not to have to discuss this and **it is also difficult for me to hear well on the telephone**. So, I decided to submit this as a Tier 2, so that I can express to you in writing how I have been made to feel."
After they received and read Maria's Class Action letter, no one contacted her to say that there was any assistance or options for the hearing impaired.
Before we submitted our Class Member Documents and letters, we called the UCLA/ Heaps Class Action phone number 888-921-0726 and asked if a Tier 3 could be submitted without the phone interview. They said "No" that a phone interview had to take place.
I carefully read the Class Action documents and there is no option for people that are hearing impaired and need hearing assistance.
When I had my Tier 3 telephone interview Dec. 16, 2021, I was informed that the phone interview was being audio recorded/ taped. I answered all of the interviewers questions regarding my Tier 3 Claim, my phone interview was over 2 hours long. At the end of the call, I told the interviewer about Maria's situation and hearing handicap. I told her that Maria and I both felt that it was not fair that Maria could not be a Tier 3 Class Member because she could not hear. I told her that Maria was 97 years old. I told her that Maria had written about her hearing disability in her Class Member letter that was submitted and received before the deadline. I told her that Maria's experiences were almost

identical to my experiences. I asked her to compare my Class Member letter to Maria's Class Member letter. I asked her what could be done. She said that as far as she knew, nothing could be done because Maria had to do the phone interview. I asked her to please give Maria's information and share her situation regarding her hearing disability and age with the people or entities that would be able to help with this situation. She said that she took down the information and that she would give it to the appropriate people.

So, we did do our due diligence, we did notify the Class Action Lawsuit in writing, we spoke with the information line, and I asked for help for Maria during my phone interview, but no one gave us any options for assistance to help Maria with her disability. It is not up to Patient to continue to ask for more alternatives when the UCLA/ Heaps Class Action was notified numerous times and kept saying there were no other options. Maria's experiences with Dr. James Heaps and UCLA are almost identical to my experiences with Dr. James Heaps and UCLA.

The "Fair" settlement amount should be the same as my amount since our letters, length of time being a Patient, exposure to Dr. Heaps, and experiences were identical. I was a Tier 3 Class Member, while Maria was forced to participate as only a Tier 2 Class Member, due to her loss of hearing disability.

Maria was denied equal access to Tier 3.

Why should Maria be penalized and discriminated against solely because she could not hear?

It was after we received the Tiered checks that someone in the legal profession told us that Maria was discriminated against because of her hearing disability and the fact the UCLA/ Heaps Class Action did not offer any assistance, modifications, or alternative methods for her to be able to proceed as a Tier 3 Class Member.

We did our due diligence by asking questions and notifying the people/ entities in charge.

How can anyone do more if you are unaware there is more that you can do?

After all of our efforts, there is no way that Maria could have done more. If someone were to say she could have, that would be making Maria the victim twice!!!

We were unaware of the illegality.

After we were told that this was discrimination, I contacted the attorneys representing the UCLA/ Heaps Class Members.

We were told that these attorneys were representing us, as we are part of the Class Members.

After just receiving this information, in June 2023 I called the Law Firm of Erickson, Kramer, Osborne 415-635-0631.

I spoke with attorney Julie Erickson 415-539-9030. I explained Maria's situation in detail. She said that another attorney in her Firm would be better to speak with regarding this problem.

I then spoke with attorney Elizabeth Kramer 510-919-2347.

I told her Maria's problem. She said that there was nothing she could do.

She was very clear that there was no more money to pay Maria even though she agreed that Maria should have been a Tier 3 Class Member.

During my Tier 3 phone interview, I was informed that the phone interview was being audio recorded/ taped.

I told the attorney my interview was recorded and asked her to please get a copy because this would confirm what I had stated about me giving Maria's hearing disability and age information and asking for help.

She said that she would speak to her Law Firm Partners. She later called me back and said that after speaking to her Partners, there was nothing they could do.

I asked if I could contact the Court. She said "No", that the Class Members can not contact the court directly.

That there is nothing more that can be done because there is no more money.

I asked if her Law Firm along with the other 2 Law Firms that were representing us, the Class Members, could all contribute to sending Maria the difference in what I was paid to what she was paid. I asked if there was some type of Fund that the money could be taken from to pay Maria.

She said "No".

She also said that the audio recordings were destroyed.

a) Why would I have asked her to listen to the audio recordings if what I stated was not true? I did not know that they destroyed them. That was proof.

b) Why would the audio tapes be destroyed before this Class Action Lawsuit was 100% completely finished/ closed? The attorney informed me of this in her 6/27/2023 email she sent us. That was almost 2 years ago, the Class Action case is still dealing with details (ex.- sending distribution checks), so the evidence should not have been destroyed.

I entrusted the attorney. She said nothing more could be done.

There is email correspondence between attorney Elizabeth Kramer (elizabeth@eko.law) and me from 6/19/2023 to 6/27/2023 confirming what I just stated. (Please see attached).

Then, we had family issues and a death in the family.

Now, I just received another distribution check March 18, 2024. The letter stated that this was a payout with the left over funds. There was $57,000.00 left in the fund.

But, I was told there were no funds to pay Maria.

When I received the most recent check, a few days ago, it frustrated me.

There was money in the fund but the attorney told me there was not any.

If there was money available, why did Maria not get the Tier 3 payment?

If later the funds became available, why was Maria not paid as a Tier 3 Class Member payment?

We notified the Class Action Member's attorneys, why was it not brought to the Court's attention by the attorneys?

3/26/2024 I called the Law Firm of Erickson, Kramer, Osborne 415-635-0631 and spoke with the same 2 attorneys as I did in June 2023, attorney Julie Erickson 415-539-9030 and attorney Elizabeth Kramer 510-919-2347.

They both said that they remembered talking to me.

Attorney Elizabeth Kramer said that she never told the court about Maria's situation and now there is nothing that can be done.

This is not right. This is not fair.

They are taking advantage of a woman in her 90's that has a hearing handicap.

Here are the details comparing Maria's payments to my payments:

Claimant ID #DZM78WL9XR
Maria UCLA/ Heaps Class Action Lawsuit Settlement
Nov. 2, 2021 Tier 1 check #15355= $2,500.00
April 29, 2022 Tier 2 check #16370= $11,255.13
vs
Claimant ID #DSJ9RXMDQ7
Sandra UCLA/ Heaps Class Action Lawsuit Settlement
Sept. 21, 2021 Tier 1 check #13285 = $2,500.00
April 29, 2022 Tier 3 check #16565 = $26,260.26
June 6, 2022 Tier 3 check #16885 = $26,260.25
March 18, 2024 Tier 3 check #22787= $224.15

Sandra Siani's settlement amount= $2,500.00 + $52,520.51+ $224.15= $55,244.66
vs
Maria Siani's settlement amount= $2,500.00 + $11,255.13= $13,755.13
Difference= $41,489.53

Therefore, we are requesting a supplemental check to be issued to Maria.

Part of this Class Action lawsuit is that UCLA failed to protect and look after their Patients and took advantage of them. UCLA mishandled this problem then and same thing is happening again now. The UCLA/ Heaps Class Action did not learn from their mistakes and neither did the attorneys.
The UCLA/ Heaps Class Action is re-victimizing an elderly woman with a hearing disability.

The Terms of the different Tiers were discriminatory against Maria's age and hearing loss.

Our understanding is that it is required by law to accommodate a person with a disability.
A reasonable accommodation is a change in rules, policies, or services that enable a person with a disability the equal opportunity.

The terms state that you can not contest the settlement amount.

In our efforts we disclosed the disability and it was not addressed.

The UCLA/ Heaps Class Action took advantage of Maria, her advanced age, and her hearing loss/ disability without providing her an alternative or options to help her. Her Claim was not handled well and it was discriminatory. The law prohibits discrimination. Because of this, it could be re-opened.

It is not because we just do not like the payments, it is a matter of fairness.

To right a wrong regarding discrimination against a hearing disability.

There are extenuating circumstances.

Therefore, we respectfully request that this issue be addressed at this time.

That is why we are reaching out to you to explain.

Traditional deadline dates should not apply with discrimination or other illegal terms or lack of options to help disabled.

Maria was denied equal access and not given equal opportunity to Tier 3.

Maria's rights were impaired which impeded her ability to protect her interests. She incurred a substantial deficit in the payments she received.

We are only asking for a fair result.

I also tried contacting the Special Master, Honorable Irma Gonzalez, but she has retired.

When doing an internet search, I found her information on JAMS that said to contact Jenny Truex (619-237-0805), which I did. I left a voicemail message but have not received a reply.

Because Maria's April 30, 2021 letter sent to the UCLA/ Heaps Class Action contains very personal information, I have not attached it to this email and it is not included with this letter by mail.

Once you confirm receipt, if you would like a copy of Maria's letter, then I would be happy to send it to you.

I would also be happy to send you a copy of my UCLA/ Heaps Class Member letter to show you that Maria and my situations/ letters are almost identical.

In Maria's Class Member letter she referenced my Claimant ID number and I, too, in my Class Member letter referenced Maria's Claimant ID number. This is so the two claims could be cross referenced which shows the similarities in the Claims.

This letter:
<u>Sent via USPS Priority mail with Tracking to</u>:
Honorable R. Gary Klausner
Edward R. Roybal Federal Building and U.S. Courthouse
Court Room #850, 8th Floor
255 East Temple St.
Los Angeles, CA 90012
also
<u>Sent via emails to</u>:
RGK_Chambers@cacd.uscourts.gov
and
Joseph_remigio@cacd.uscourts.gov

Thank you for your time and help with this important matter, it is greatly appreciated.

Please confirm receipt of this email/ letter and the one (1) attachment that is 2 pages in length.

Thank you.

Sincerely,

*[signature: Sandra D. Siani]*

Sandra Siani
<u>Email</u>:
lagunasandra@aol.com
<u>Address</u>:
279 Dolphin Way
Laguna Beach, CA 92651

Re: Follow up to phone call with Sandra Siani

From: Elizabeth Kramer (elizabeth@eko.law)
To: lagunasandra@aol.com
Date: Tuesday, June 27, 2023 at 03:25 PM PDT

Hi Sandra,

The interview recordings were deleted per the terms of Settlement Agreement and the Settlement Fund is exhausted.

Elizabeth

Elizabeth A. Kramer
**ERICKSON KRAMER OSBORNE**
San Francisco, California
Direct: (510) 919-2347
www.eko.law



Do not send privileged information from a device where there is a risk that a third party may gain access. If you are not the intended recipient of this email, please delete it and notify the sender.

---

**From:** lagunasandra@aol.com <lagunasandra@aol.com>
**Date:** Friday, June 23, 2023 at 5:05 PM
**To:** Elizabeth Kramer <elizabeth@eko.law>
**Subject:** Re: Follow up to phone call with Sandra Siani

Hello Elizabeth,

Just received your email.

We need some extra time. We do not want to give you a specific day. We will get back to you within the next 2 weeks.

What did you find out about the interview recordings and the extra funds still available?

Thank you,

Sandra Siani

-----Original Message-----
From: Elizabeth Kramer <elizabeth@eko.law>

To: lagunasandra@aol.com <lagunasandra@aol.com>
Sent: Fri, Jun 23, 2023 1:04 pm
Subject: Re: Follow up to phone call with Sandra Siani

Hi Sandra. I am going to be without access to phone or email until Sunday afternoon. Just wanted to let you know since you said you'd be sending me another email soon. I'll be able to turn to it on Monday.

Thank you,
Elizabeth

**From:** Elizabeth Kramer <elizabeth@eko.law>
**Date:** Tuesday, June 20, 2023 at 7:00 AM
**To:** lagunasandra@aol.com <lagunasandra@aol.com>
**Subject:** Re: Follow up to phone call with Sandra Siani

Thank you Sandra, received.

On Jun 19, 2023, at 4:48 PM, lagunasandra@aol.com wrote:


Hello Elizabeth,
This is a follow up to our phone conversation that we had last Friday.
You requested that I send you an email with information and a copy of my Mother's (Maria Siani) letter. I told you that I would send it to you today.
I wanted to send this email letting you know that I will send you the more detailed email by this Friday.
I do not know if you are open today with the Juneteenth holiday, but I did want to send it to you by 5:00pm, as we had discussed.
Please let me know that you received this email.
Thank you,
Sandra Siani








UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$9.85
Origin: 92674
03/29/24
0568840472-11

PRIORITY MAIL®

0 Lb 3.80 Oz
RDC 03

EXPECTED DELIVERY DAY: 04/01/24

C032

SHIP TO:
STE 850
255 E TEMPLE ST
LOS ANGELES CA 90012-3544

USPS TRACKING® #

9505 5131 8306 4089 8596 83

PRIORITY MAIL

■ Expected ... (apply).*
■ Domesti... ...ernational destinations.
■ USPS Tr...
■ Limited i...
■ When us... ...uired.

*Insurance d... ...ns see the
Domestic Ma...
** See Interna... ...ations of coverage.

FLAT... ONE RAT...

TRAC...

PS00001000014

...chedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

OD: 12 1/2 x 9 1/2

PAPER POUCH
how2recycle.info

PRIORITY★ MAIL★

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Siani
279 Dolphin Way
Laguna Beach, CA
92651

RECEIVED
CLERK, U.S. DISTRICT COURT
APR - 1 2024
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

TO:
Honorable R. Gary Klausner
Edward R. Roybal Federal Building and U.S. Courthouse
Court Room #850, 8th Floor
255 East Temple St.
Los Angeles, CA 90012

Label 228, March 2016
FOR DOMESTIC AND INTERNATIONAL USE

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

**TRACKED ■ INSURED**

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.

From:
279 Dolphin Way
Laguna Beach, CA
92651

TIME SENSITIVE

To:
Honorable R. Gary Klausner
Edward R. Roybal Federal Building and U.S. Courthouse
Court Room #850, 8th Floor
255 East Temple St.
Los Angeles, CA
90012

IMPORTANT